*Turner, for appellants.*

---

EDWARD SODENS ET AL *v.* E. P. WATKINS' ADMR.

**Debtor and Creditor—Off-Set.**

A fund, comng into the hands of a commissioner, appointed by the court. is subject to the orders of the court, and unless, upon dissolving the commission, the plaintiff move for an order of payment over to him, the relation of creditor and debtor will govern.

**Same.**

Any off-set the debtor thus had, could be used in settlement of accounts between the parties.

APPEAL FROM CALDWELL CIRCUIT COURT.

March 8, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Tinsley administered upon the estate of Thomas Sodens, deceased, and by some legal proceedings the land and slaves of said decedent were ordered to be sold, when Tinsley became the purchaser.

The decedent, Watkins, was appointed the commissioner to make this sale, collect the money, etc., and Tinsley had paid him a portion or all of the purchase price, when, at the instance of some interested party, the said sale was set aside on the development that Tinsley had over four thousand dollars of personal assets of the estate in his hands.

No order was made disposing of the money paid by Tinsley to Watkins when the sale was annulled. A suit was then brought

43

against Tinsley for a settlement and judgment for whatever should be found in his hands belonging to Sodens' estate.

Watkins having died and his personal estate being insufficient to pay his debts, his administrator brought suit to have a settlement with his creditors, etc.

Tinsley owed Watkins within less than three hundred dollars of the amount which he had paid Watkins on the purchase of the Sodens land and slaves and his administrator claimed an off-set. Tinsley being insolvent, the Sodens heirs also claim a priority as to this fund so in Watkins' hands, as they had attached it in their proceedings against Tinsley, and the court having rejected their prior claim this is the sole question for our determination.

It is true the money was paid by Tinsley to Watkins as commissioner on said sale and purchase, but when the sale was set aside the money became Tinsley's own private funds, and he could have obtained an order for the commissioner to return it, and this being in his hands as an officer of the court, any private claims of his against Tinsley would have been left to the results of a private litigation. But as Tinsley did not seek or obtain an order of restitution, he thereby left it to be governed by the usual rules regulating the relation of mutual creditors and debtors.

Had this been a common indebtedness existing mutually between these parties there can be no doubt of Watkins' right of set-off which would have over-reached any attachment or other process by another creditor. Tinsley's failure to obtain an order of restitution left him to recover the money from Watkins by the ordinary proceedings as for money received to his use in which proceedings Watkins could set up and establish his set-off.

The court, therefore, properly adjudged against Watkins' administrator only the balance due Tinsley on a settlement of their mutual indebtedness.

Wherefore, the judgment is *affirmed.*

*Calvert & Darby, for appellants.*

*Marble, for appellee.*